**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

RUFUS GRAY
ADC #141375                                                                                                          PLAINTIFF

V.                                               5:09CV00214 BSM/JTR

PATRICIA PAGE, Sergeant, Cummins Unit,
Arkansas Department of Correction, et al.                                                      DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1.        Why the record made before the Magistrate Judge is inadequate.

-1-

      2.      Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

      3.      An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## I. Introduction

Plaintiff, Rufus Gray, is a prisoner in the Cummins Unit of the Arkansas Department of Correction ("ADC"). He has commenced this *pro se* § 1983 action alleging that Defendants, who work for the ADC or Correctional Medical Services, Inc. ("CMS"), violated his constitutional rights by subjecting him to unconstitutional conditions of confinement and failing to provide him with adequate medical care.[1]  *See* docket entries #2 and #5.

The CMS Defendants have filed a Motion for Summary Judgment, a Brief in Support, and a Statement of Undisputed Facts. *See* docket entries #65, #66, and #67. Plaintiff has filed a Response and Supplemental Response. *See* docket entries #70 and #72. However, he has not filed

---

[1] The ADC Defendants are Sergeant Patricia Page, Sergeant Johnny Milton, Correctional Officer Rebecca Langley, and ADC Assistant Director Ray Hobbs. The CMS Defendants are Nurse Judith Savoy, Nurse Shirley Wilson-Lubin, and Nurse Anita Weast. *See* docket entries #2 and #5.

any supporting evidence or a Statement of Disputed Facts, and the time for doing so has expired. [2]

The ADC Defendants also have filed a Motion for Summary Judgment, a Brief in Support, and a Statement of Undisputed Facts. *See* docket entries #73, #74, and #75. Plaintiff has not filed a Response or a Statement of Disputed Facts, and the time for doing so has expired.[3]

Before discussing the merits of Defendants' Motions, the Court will summarize the relevant, admitted facts.

On January 2, 2009, at approximately 7:00 p.m., Plaintiff was lying on his bed, facing upward, when condensed water on the ceiling and a small paint chip dropped into his right eye. *See* docket entries #67 and #74. Plaintiff immediately used a fellow prisoner's Visine to flush the paint chip out of his eye. *Id.* He also asked Correctional Officer Lambert, who is not a Defendant in this action, if he could go the infirmary. *Id.* Lambert denied the request because she could not see any foreign objects in Plaintiff's eye. *Id.* When Plaintiff continued to complain of irritation, Lambert contacted Defendants Sergeants Page and Milton, who said they would check on Plaintiff when they completed their evening rounds. *Id.* Lambert then contacted Defendant Nurse Wilson-Lubin, who instructed Plaintiff to submit a sick call request. *Id.* Plaintiff did so later that evening.

On Monday, January 5, 2009, Plaintiff was examined by Dr. Moskovich, who is not a

---

[2] On March 12, 2010, the Court issued an Order giving Plaintiff thirty days to file a Response to the CMS Defendants' Motion for Summary Judgment and a Statement of Disputed Facts. *See* docket entry #68. Importantly, the Court advised Plaintiff that the facts set forth in the CMS Defendants' summary judgment papers would be deemed admitted, pursuant to Local Rule 56.1, if he failed to timely and properly do so.

[3] On April 6, 2010, the Court issued an Order giving Plaintiff thirty days to file a Response to the ADC Defendants' Motion for Summary Judgment and a Statement of Disputed Facts. *See* docket entry #77. The Court reminded Plaintiff that the facts set forth in the ADC Defendants' summary judgment papers would be deemed admitted, pursuant to Local Rule 56.1, if he failed to timely and properly do so.

Defendant in this action. *Id.* Dr. Moskovich did not see any foreign objects in Plaintiff's eye. However, he noted that it was irritated and watering. Accordingly, he instructed Plaintiff to rinse his eye and to come to a follow-up appointment on January 9, 2009. *Id.* It is unclear why Plaintiff was not taken to that follow-up appointment.

On January 21, 2009, Defendant Weast examined Plaintiff and noted that his eye was watering. *Id.* However, she did not notice any redness. *Id.* Additionally, Plaintiff did not report any pain or vision problems. *Id.* The next day, Dr. Moskovich examined Plaintiff and noted mild irritation in his right eye. *Id.*

On May 21, 2009, an optometrist, who is not a Defendant in this action, determined that Plaintiff's visual acuity was the same as it was prior to the January 2, 2009 incident. *Id.* Additionally, the optometrist did not detect any scratches or other damage to Plaintiff's eye.

## II.  Discussion

### A.   Plaintiff's Conditions of Confinement Claim

Plaintiff contends that Defendants subjected him to unconstitutional conditions of confinement when they allowed water to condense on the ceiling and drip into his eye, along with a paint chip.[4] *See* docket entries #2 and #5.

The "Constitution does not mandate comfortable prisons" or that prisons be "free of discomfort." *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981). Additionally, only "extreme deprivations" that deny "the minimal civilized measure of life's necessities are sufficiently grave to form the basis" of an Eighth Amendment violation. *Hudson v. McMillian,* 503 U.S. 1, 9 (1992).

---

[4] Plaintiff brings this claim against Defendants Langley and Hobbs. *See* docket entries #2 and #5.

Thus, in order to prevail on an Eighth Amendment conditions of confinement claim, a prisoner must prove that: (1) objectively, the condition created a substantial risk of serious harm to his health or safety; and (2) subjectively, the defendants were deliberately indifferent to that substantial risk of serious harm. *Revels v. Vincenz*, 382 F.3d 870, 875 (8th Cir. 2004); *Simmons v. Cook*, 154 F.3d 805, 807 (8th Cir. 1998).

As to the first element, Plaintiff has not offered *any* evidence suggesting that condensation on the ceiling constituted a substantial risk of serious harm to his health or safety. Thus, the Court concludes, as a matter of law, that Plaintiff has failed to establish a substantial risk of serious harm.

As to the second element, it is well settled that prison officials must have actual knowledge of a substantial risk of harm, before an injury incurs, and that their negligent failure to detect a risk of harm is insufficient to state a constitutional claim. *See Farmer v. Brennan*, 511 U.S. 825 , 837-39 (1970); *Lenz v. Wade*, 490 F.3d 991, 996 (8th Cir. 2007). In this case, it is undisputed that Plaintiff first alerted prison officials to the condensation problem when he filed a grievance several hours *after* he was allegedly injured. *See* docket entry #75, Exs. 1, 2, and 3. Similarly, there is no evidence suggesting that Defendants otherwise knew about the problem prior to January 2, 2009. Thus, they did not have an opportunity to correct the condensation problem prior to Plaintiff's injury.

Finally, it is undisputed that, after receiving Plaintiff's grievance, prison officials determined that the air condition and exhaust system were working properly, and that there was no chipped paint on the ceiling. *See* docket entry #75 at Ex. #3. Instead, the condensation problem was caused by inmates leaving the showers running "constantly," even when they were not in use. *Id.* To rectify the situation, prison officials installed additional vents in the shower area and instructed the barracks officers to ensure that the showers were turned off when not in use. *Id.* Thus, once Defendants were

made aware of the situation, they took reasonable measures to correct any risk of harm caused by condensation from the shower area. *Blades v. Schuetzle*, 302 F.3d 801, 803 (8th 2002) (explaining that prison officials are only required to "take reasonable measures" to abate substantial risks of harm of which they are aware); *Reece v. Groose*, 60 F.3d 487, 491 (8th Cir. 1995) (same). Accordingly, the Court concludes that Defendants are entitled to summary judgment on Plaintiff's conditions of confinement claim.

**B.     Plaintiff's Inadequate Medical Care Claim**

Plaintiff also alleges that Defendants failed to provide him with adequate medical care for his eye injury.[5] *See* docket entries #2 and #5.

To succeed on an inadequate medical care claim, a prisoner must prove that: (1) he had an objectively serious medical need; and (2) prison officials subjectively knew of, but deliberately disregarded, that serious medical need. *Estelle v. Gamble,* 429 U.S. 97 (1976); *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997). Importantly, negligence, gross negligence, and a mere disagreement with treatment decisions does not rise to the level of a constitutional violation. *Gibson v. Weber*, 433 F.3d 642, 646 (8th Cir. 2006)*; Estate of Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995).

As to the first element, Dr. Moskovich concludes, in her affidavit, that "it is my professional medical opinion that Mr. Gray did not sustain a serious injury to his right eye." *See* docket entry #65, Ex. C at 2. Plaintiff has *not* come forward with *any* evidence to refute that medical opinion. Additionally, it is *undisputed* that no scratches were found on Plaintiff's eye and that he did not

---

[5] Plaintiff brings this claim against Defendants Page, Milton, Wilson-Lubin, Weast, Savoy, Griffin, Langley and Hobbs. *See* docket entries #2 and #5.

suffer any damage to his vision. Finally, Plaintiff conceded, in his deposition, that the redness and irritation in his eye ceased approximately two to three weeks after the injury. *See* docket entry #65, Ex. A at 39. Thus, the Court concludes, as a matter of law, that Plaintiff did not have an objectively serious medical need.

As to the second element, it is undisputed that a paint chip was immediately flushed from Plaintiff's eye. Additionally, it is undisputed that a nurse, doctor, and optometrist examined and treated Plaintiff's eye several times after his injury. *See Logan v. Clarke*, 119 F.3d 647, 649-50 (8th Cir. 1997) (finding that prison doctors were not deliberately indifferent when they treated the prisoner on "numerous occasions" and "made efforts to cure the problem in a reasonable and sensible manner"). Importantly, Mr. Moskovich states, in her *unrefutted* affidavit, that "it is my medical opinion that the medical care and treatment provided to Mr. Gray was appropriate and satisfactory for his complaints." *See* docket entry #65, Ex. C at 2.

Finally, Plaintiff has failed to come forward with any medical evidence demonstrating that his condition was worsened by any brief delays in the medical treatment he received for his injured eye.[6] *See Gibson v. Weber*, 433 F.3d 642, 646-47 (8th Cir. 2006) (explaining that, to avoid summary judgment, an inmate must place verifying medical evidence in the record to establish the detrimental effect of the alleged delay in medical treatment). Accordingly, the Court concludes that Defendants are also entitled to summary judgment on Plaintiff's inadequate medical care claim.[7]

---

[6] Plaintiff first requested medical care on Friday, January 2, 2009, but did not receive any treatment until Monday, January 5, 2009. *See* docket entries #67 and #75. Additionally, on January 5, 2009, Dr. Moskovich recommended that Plaintiff have a follow-up appointment on January 9, 2009. *Id.* However, Plaintiff did not receive a follow-up examination until January 21, 2009. *Id.*

[7] Plaintiff argues that summary judgment cannot be entered in favor of Defendants because the Court already concluded, in its August 24, 2009 Recommended Partial Disposition and October

### III.  Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Defendants' Motions for Summary Judgment (docket entries #65 and #73) be GRANTED, and that this case be DISMISSED, WITH PREJUDICE.

2. The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order and Judgment adopting this Recommended Disposition would not be taken in good faith.

Dated this 13th day of May, 2010.

_____
UNITED STATES MAGISTRATE JUDGE

---

8, 2009 Order, that he had stated viable inadequate medical care claims against the Defendants.  *See* docket entries #9, #16, and #72.  However, at that stage of the proceedings, the Court was merely screening the Complaint, pursuant to § 1915A, to determine whether the facts, as *asserted* by Plaintiff, were sufficient to constitute an inadequate medical care claim.

However, at the summary judgment stage, a Plaintiff can no longer rely upon the bare, unsupported allegations in his Complaint.  Instead, as explained in the Court's March 12 and April 6, 2010 Orders, Plaintiff had to come forward with *evidence* to substantiate his claims.  *See* docket entries #68 and #77.  He failed to do so.  Thus, Defendants are entitled to summary judgment.